## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

LOUIS M. TUTT,
                Appellant,

      v.

DEPARTMENT OF THE ARMY,
                Agency.

DOCKET NUMBER
DC-1221-22-0234-W-1

DATE: April 3, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

Luis M. Melendez, Esquire, Washington, D.C., for the appellant.

Joseph A. Fedorko, Esquire, Mary J. Bradley, Esquire, Washington, D.C.,
   for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

The appellant previously served as the Director of Audit Readiness for the agency's Office of the Assistant Secretary (Acquisition, Logistics, and Technology) in Arlington, Virginia. Initial Appeal File (IAF), Tab 12 at 4, 47, 60. In October 2021, the appellant filed a whistleblower complaint with the Office of Special Counsel (OSC), alleging that, between 2018 and 2021, the agency took multiple personnel actions against him in retaliation for his disclosures and activities. IAF, Tab 1 at 4; Petition for Review (PFR) File, Tab 5 at 35-37. On December 13, 2021, OSC issued two letters notifying him that it had closed its investigation into his claims and that he could file an appeal with the Board. IAF, Tab 12 at 11-14; PFR File, Tab 5 at 48. The appellant filed the instant appeal, disagreeing with OSC's decision to close its investigation. IAF, Tab 1 at 3, 8-9. He requested a hearing. *Id.* at 2.

The administrative judge notified the appellant of his jurisdictional burden and ordered him to file evidence and argument on the jurisdictional issue. IAF, Tab 11. In response, the appellant submitted a sworn statement along with supporting documentation, alleging that he made the following protected disclosures and engaged in the following protected activities: (1) he reported contractor fraud to the Deputy Assistant Secretary of the Army (Plans, Programs, Resources) (Deputy Assistant) and the agency's Criminal Investigation Division (CID); (2) he filed and pursued a U.S. Court of Appeals for the Fourth Circuit (Fourth Circuit) case against the agency; and (3) he participated as a witness in an equal employment opportunity (EEO) complaint in support of his coworker. IAF, Tab 12 at 3, 5, 7-8, 11, 23-26, 47-50, 60-63, 80. The appellant alleged that, in retaliation for his protected disclosures and activities, the agency initiated an Army Regulation (AR) 15-6 investigation against him, placed him on a temporary detail, then permanently reassigned him, and eventually proposed his removal. *Id.* at 4-8. The appellant resigned on October 28, 2021. *Id.* at 13; PFR File, Tab 5 at 48.

After the record closed on jurisdiction, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 14, Initial Decision (ID) at 1, 8. He found that the appellant failed to exhaust some of his disclosures and activities before OSC, and that the appellant failed to make a nonfrivolous allegation that any of his remaining disclosures and activities were protected. ID at 7-8.

The appellant has filed a petition for review. PFR File, Tab 5. The agency has filed a response, and the appellant has replied. PFR File, Tabs 8, 11. We find that the appellant established jurisdiction over his IRA appeal and remand this appeal to the regional office for a hearing on the merits.

## DISCUSSION OF ARGUMENTS ON REVIEW

The Board has jurisdiction over an IRA appeal if the appellant has exhausted his administrative remedies before OSC and makes nonfrivolous allegations that: (1) he made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *McCray v. Department of the Army*, 2023 MSPB 10, ¶ 11. Any doubt or ambiguity as to whether the appellant made nonfrivolous jurisdictional allegations should be resolved in favor of finding jurisdiction. *Skarada v. Department of Veterans Affairs*, 2022 MSPB 17, ¶ 6. In cases involving multiple alleged protected disclosures or activities and multiple alleged personnel actions, the Board has jurisdiction if the appellant has exhausted his administrative remedies before OSC and makes a nonfrivolous allegation that at least one alleged personnel action was taken in reprisal for at least one alleged protected disclosure or activity. *Usharauli v. Department of Health & Human Services*, 116 M.S.P.R. 383, ¶ 19 (2011).

<u>We find that the appellant did not exhaust his CID disclosures and did exhaust his participation in a coworker's EEO complaint.</u>

An employee seeking corrective action for whistleblower reprisal under 5 U.S.C. § 1221 is required to seek corrective action from OSC before seeking corrective action from the Board. *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶ 5. After the initial decision was issued in this case, the Board clarified the substantive requirements of exhaustion in *Chambers*. *Id.*, ¶¶ 10-11. The exhaustion requirement is met when an appellant has provided OSC with a sufficient basis to pursue an investigation. *Id.*, ¶ 10. The Board's jurisdiction is limited to those issues that have been previously raised with OSC. *Id.* However, an appellant may give a more detailed account of his whistleblowing activities before the Board than he did to OSC. *Id.* An appellant may demonstrate exhaustion through his initial OSC complaint or correspondence with OSC. *Id.*, ¶ 11. In the alternative, exhaustion may be proven through other sufficiently reliable evidence, such as an affidavit or declaration attesting that the appellant raised with OSC the substance of the facts in his Board appeal. *Id.*

The administrative judge below did not have the benefit of the *Chambers* decision. Further, for the first time on review, the appellant has provided a copy of his OSC complaint and additional correspondence with OSC to support his burden as to the administrative exhaustion requirement. PFR File, Tab 5 at 27-48. These documents provide new information regarding the appellant's alleged disclosures that the administrative judge did not have available below. Under 5 C.F.R. § 1201.115, the Board generally will not consider evidence or argument submitted for the first time with a petition for review absent a showing that it was unavailable before the record was closed before the administrative judge despite the party's due diligence. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 213-14 (1980). However, we have considered the appellant's new evidence to the extent it impacts the Board's jurisdiction, which is always

before the Board and can be raised by the parties or sua sponte at any time. *Ney v. Department of Commerce*, 115 M.S.P.R. 204, ¶ 7 (2010).

Based on our review of the appellant's submissions below and on review, we discern no basis to disturb the administrative judge's implicit determination that the appellant raised with OSC his Fourth Circuit case. However, we disagree with his implicit finding that the appellant exhausted his CID disclosures. Further, in contrast with the administrative judge's contrary conclusion, the new evidence that the appellant has submitted on review supports our finding, below, that he exhausted with OSC his alleged protected activity of participating in his coworker's EEO complaint. The appellant has raised an additional alleged disclosure and activity on review, but failed to establish jurisdiction over these claims.

*Procurement fraud by a non-Federal Government contractor*

The appellant alleged in his correspondence with OSC that he reported procurement fraud and misappropriation of funds to the agency's CID. PFR File, Tab 5 at 36, 47. The appellant has not provided evidence that he advised OSC of his disclosure of the same allegation to the Deputy Assistant. *Id.* Nor does his correspondence reflect the dates of his disclosures to CID, which Government contractor he is referencing, or the actions that he believed constituted such wrongdoing. OSC's letters to the appellant indicate that he provided information about "alleged procurement fraud and violations of federal acquisition regulations" which he reported to CID from "June to August 2018 and followed up in August 2019." IAF, Tab 12 at 11, 13. The appellant submitted a sworn statement below in which he alleged that, in October 2016, he advised the Deputy Assistant of potential procurement fraud by contractor Ernest & Young LLP

(E&Y LLP) on a task order for his office.[2] *Id.* at 5, 62. The appellant alleged that the Deputy Assistant "told [the appellant] to do nothing," after which the appellant filed a complaint on the same topic to CID in March 2017. *Id.* at 5.

In the initial decision, the administrative judge found that there was no indication that the appellant exhausted with OSC the alleged disclosures he made to the Deputy Assistant regarding the performance of the E&Y LLP contract. ID at 7. Although the appellant disputes this finding, we agree with the administrative judge. PFR File, Tab 5 at 12-13, 18-19. The administrative judge also implicitly found that the appellant exhausted his alleged disclosures of procurement fraud to CID but found that they lacked sufficient detail. ID at 8. The appellant reasserts on review that he exhausted his CID disclosures. PFR File, Tab 5 at 12-13, 19. We disagree with both the administrative judge and the appellant. While both the OSC letter and the appellant's sworn statement discuss a complaint filed with CID and the events leading up to it, it does not appear to be the same complaint.

The OSC letter details that the appellant alleged that he reported procurement fraud to CID between June and August 2018. IAF, Tab 12 at 11. However, the appellant's sworn statement discusses a CID complaint filed in March 2017 concerning E&Y LLP billing for their employees' time when the employees were not providing services or were not qualified for the work they were performing. *Id.* at 5, 21-26. He also included an email from June 2020 addressed to the Deputy Assistant and another agency official disagreeing with the agency's decision to modify its contract with a different contractor, AvantGarde.[3] *Id.* at 62, 66-67. However, both below and on review, the

---

[2] The appellant's allegations regarding this disclosure are difficult to follow. IAF, Tab 12 at 5, 62. Because he was not represented below, we have interpreted his allegations liberally in the manner most favorable to him. IAF, Tab 1 at 6; *see Baker v. Social Security Administration*, 2022 MSPB 27, ¶ 21 (stating that the Board liberally construes pro se pleadings).

[3] The appellant's attorney implies on review that he exhausted his June 2020 AvantGarde disclosure with OSC. PFR File, Tab 5 at 18-19. However, the appellant

appellant does not address his alleged CID disclosures related to procurement fraud between 2018 and 2019, as identified and investigated by OSC. *Id.* at 11. While an appellant may give a more detailed account of his activities before the Board than he did to OSC, he must have provided OSC with sufficient information to conduct an investigation. *Chambers*, 2022 MSPB 8, ¶ 10. We do not believe that OSC had a sufficient basis to investigate his March 2017 CID disclosure, and the Board is therefore precluded from considering it.

*Fourth Circuit case*

The administrative judge implicitly found that the appellant exhausted his allegation that he was retaliated against for filing his Fourth Circuit case. ID at 6-7. The record supports this conclusion and we decline to disturb the administrative judge's implicit finding. IAF, Tab 12 at 11.

*Assisting coworker with EEO complaint*

The appellant alleged below that he was retaliated against for participating as a witness in an EEO case for a coworker from approximately August 2016, through January 2017. *Id.* at 8, 60-63, 80. The administrative judge found that the appellant had not exhausted this disclosure with OSC. ID at 7. The appellant generally disagrees with the administrative judge's exhaustion finding, but does not present any specific arguments regarding exhaustion of his EEO activity. PFR File, Tab 5 at 12-15. Based on the record at the time, the administrative judge was correct. IAF, Tab 12 at 11, 13. However, for the first time on review, the appellant submitted his OSC complaint, in which he alleged that he was a witness in his coworker's EEO complaint and "participated in providing information to the complainant, complainant's attorney, and the Pentagon medical

---

identified his AvantGarde disclosure below as "relevant to another allege[d] instance of contract fraud; not conclusive because reporting is outside of this process." IAF, Tab 12 at 6, 66-67. He does not identify any evidence supporting a finding of exhaustion. Because the statements of a party's representative in a pleading do not constitute evidence, we decline to give any weight to the unsupported suggestion of the appellant's attorney that the appellant exhausted his AvantGarde disclosure with OSC. *Hendricks v. Department of the Navy*, 69 M.S.P.R. 163, 168 (1995).

personnel." PFR File, Tab 5 at 36-37. Thus, we find that the appellant exhausted this disclosure with OSC.

> *Constituent letter to senator, Department of Defense (DOD), Office of Inspector General (IG) complaint, and DOD hotline complaint*

For the first time on review, the appellant alleges reprisal for a letter sent to U.S. Senator Tim Kaine, a complaint submitted to the DOD IG, and a DOD hotline complaint. *Id.* at 6. The new evidence he submits on review supports a finding that he generally raised this disclosure and activity in his correspondence with OSC. *Id.* at 47-48. However, his allegations imply that the alleged disclosure and activity occurred after the personnel actions at issue in this case. *Id.* A disclosure or activity that occurs after the agency took a personnel action cannot be considered a contributing factor in that personnel action. *Sherman v. Department of Homeland Security*, 122 M.S.P.R. 644, ¶ 8 (2015). Therefore, the appellant has failed to nonfrivolously allege that he met the contributing factor criterion as to his newly raised disclosure and activity. On remand, the appellant may seek to prove exhaustion and clarify his allegations to meet his jurisdictional burden as to these matters, consistent with the orders of the administrative judge.

<u>The appellant has made a nonfrivolous allegation that assisting his coworker with her EEO complaint was a protected activity.</u>

Having addressed the exhaustion requirement, we turn next to the issue of whether the appellant nonfrivolously alleged that he made protected disclosures or engaged in protected activities within the scope of the Board's jurisdiction. *See Carney v. Department of Veterans Affairs*, 121 M.S.P.R. 446, ¶¶ 4-5 (2014). A nonfrivolous allegation is an allegation of "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Hessami v. Merit Systems Protection Board*, 979 F.3d 1362, 1364, 1369 (Fed. Cir. 2020); *see* 5 C.F.R. § 1201.4(s) (defining a nonfrivolous allegation as a plausible, nonconclusory assertion that, if proven, could establish the matter at issue).

*Fourth Circuit case*

The administrative judge found that the appellant's Fourth Circuit case was brought under Title VII and was not within the Board's IRA jurisdiction because it did not include a claim of whistleblower reprisal. ID at 7. Claims of reprisal for engaging in activity protected by Title VII or disclosing violations of Title VII fall outside the Board's IRA jurisdiction. *Edwards v. Department of Labor*, 2022 MSPB 9, ¶¶ 10-17, 22-23, *aff'd*, No. 2022-1967, 2023 WL 4398002 (Fed. Cir. July 7, 2023).[4] In addition, an appellant pursuing his own personal EEO complaint, which is a matter relating solely to discrimination, is not a protected activity within the Board's IRA jurisdiction. Absent an allegation of reprisal for making protected disclosures on matters unrelated to Title VII, filing an EEO claim is not protected activity under 5 U.S.C. § 2302(b)(9)(A)(i). *Id.*, ¶¶ 22-25. Filing a complaint of discrimination also is not a protected activity under 5 U.S.C. § 2302(b)(9)(B), even if the complaint alleges discrimination against other employees. *Id.*, ¶¶ 26-28. Nor is it an activity within the meaning of 5 U.S.C. § 2302(b)(9)(C). *See McCray*, 2023 MSPB 10, ¶¶ 2, 26-30 (explaining that 5 U.S.C. § 2302(b)(9)(C) does not include filing a grievance alleging disability discrimination, because doing so falls under 5 U.S.C. § 2302(b)(9)(A)(ii)). Finally, the appellant has not claimed that he refused to obey an unlawful order, as necessary to allege that he engaged in activity protected by 5 U.S.C. § 2302(b)(9)(D).

---

[4] On review, the appellant argues that the Board has a "mixed record" on whether disclosures regarding EEO matters are protected. PFR File, Tab 5 at 19-20. He also posits that Congress eliminated any exclusion of EEO disclosures in the Whistleblower Protection Enhancement Act of 2012 (WPEA). *Id.* at 20-21. The Board in *Edwards* expressly overruled the contrary authority on which the appellant relies in asserting the Board's decisions on this issue are "mixed." *Id.*; *Edwards*, 2022 MSPB 9, ¶¶ 18-20. Similarly, the Board found that the WPEA did not expand the scope of whistleblower protection statutes to include Title VII-related matters. *Edwards*, 2022 MSPB 9, ¶ 22. The appellant fails to acknowledge or address the reasoning in *Edwards*, and therefore his arguments are unpersuasive.

Here, the appellant alleged that the Fourth Circuit issued a decision in his case on September 8, 2021, and the agency proposed his removal in retaliation on September 30, 2021. PFR File, Tab 5 at 6, 19-21, 35-36. However, as the administrative judge recognized, the appellant's case alleged violations of Title VII, not whistleblower reprisal. ID at 7; *see Tutt v. Wormuth*, No. 19-2480, 2021 WL 4076729 (4th Cir. Sept. 8, 2021). Thus, we discern no basis to disturb the administrative judge's conclusion that the appellant's protected activity concerned a violation of EEO laws outside the Board's IRA jurisdiction. ID at 7. Because we agree with the administrative judge that the appellant failed to nonfrivolously allege that this disclosure was protected, we need not reach his arguments as to the contributing factor criterion on this issue. PFR File, Tab 5 at 19; *see Schmittling v. Department of the Army*, 219 F.3d 1332, 1336-37 (Fed. Cir. 2000) (stating that, in an IRA appeal, the Board is not required to address all the jurisdictional requirements when an appeal fails to satisfy one of them because addressing the others would be both "unnecessary and possibly wasteful").

*Assisting coworker with EEO complaint*

Under 5 U.S.C. § 2302(b)(9)(B), protected activity includes "testifying for or otherwise lawfully assisting any individual in the exercise" of an appeal, complaint, or grievance right. *Alarid v. Department of the Army*, 122 M.S.P.R. 600, ¶ 10 (2015). Assisting another employee in the EEO process constitutes protected activity under 5 U.S.C. § 2302(b)(9)(B). *Marable v. Department of the Army*, 52 M.S.P.R. 622, 629-30 n.9 (1992) (finding that the appellant's actions "supporting an EEO complaint filed by an applicant for a position with the agency" by refusing to "white wash" the matter constituted protected activity under section 2302(b)(9)(B)).

According to the appellant, from approximately August 2016, through January 2017, he provided information to his coworker, her attorney, and agency medical staff to corroborate his coworker's EEO claim alleging race

discrimination. PFR File, Tab 5 at 36-37; IAF, Tab 12 at 62-63, 80. Because the administrative judge found that the appellant did not exhaust this claim, he did not consider whether the appellant satisfied the remaining jurisdictional elements of this activity. ID at 7. We find that the appellant nonfrivolously alleged that his actions supporting his coworker's EEO complaint constituted protected activity under 5 U.S.C. § 2302(b)(9)(B).

The appellant nonfrivolously alleged that the agency took personnel actions against him.

In cases such as this one, when the appellant has alleged multiple personnel actions, the Board has jurisdiction when the appellant exhausts his administrative remedies before OSC and makes a nonfrivolous allegation that at least one alleged personnel action was taken in reprisal for at least one alleged protected disclosure or activity. *Skarada*, 2022 MSPB 17, ¶ 13. Because the administrative judge disposed of the appellant's claims on other grounds, he did not make any findings as to the alleged personnel actions. ID at 7-8. Therefore, we do so here. Based on our review of the appellant's jurisdictional pleadings, we find that he has exhausted the following alleged personnel actions with OSC: his temporary detail beginning November 2016, his July 2018 management-directed reassignment, his September 2021 proposed removal, and his October 28, 2021 alleged involuntary resignation. IAF, Tab 10 at 7, Tab 12 at 4-8, 13-14, 35, 52-53. Although the appellant also alleged below that, beginning in November 2016, he was subjected to a retaliatory AR 15-6 investigation, he has provided no evidence that he raised this claim with OSC. IAF, Tab 12 at 4-6, 8, 11, 13; PFR File, Tab 5 at 27-48. Because he failed to prove he exhausted his OSC remedy, we will not address this alleged personnel action further.

*Temporary Detail and Permanent Reassignment*

The appellant asserted that he was subjected to a reassignment. IAF, Tab 12 at 4-6, 52-53; PFR File, Tab 5 at 35. Federal employees may seek corrective action for retaliatory "detail[s], transfer[s], or reassignment[s]" in an

IRA appeal. *See* 5 U.S.C. § 2302(a)(2)(A)(iv) (defining "personnel action" to include such actions). Here, the appellant elaborated in his statements below that, while his grade and pay did not change, his job title, job duties and responsibilities, and duty station all changed when he was temporarily detailed, and then issued a management-directed reassignment, to the position of Executive Program Support Analyst. IAF, Tab 12 at 4-6, 52-54, 86-87. This reassignment also removed his supervisory duties. *Id.* at 86-87. The appellant ultimately elected to accept the management-directed reassignment "under protest." *Id.* at 94-95. Thus, the appellant made nonfrivolous allegations that he was subjected to a personnel action.

*Proposed Removal and Resignation*

The appellant has also nonfrivolously alleged that the agency proposed his removal in September 2021. IAF, Tab 10 at 7-14, Tab 12 at 8; PFR File, Tab 5 at 6, 35-36, 42-46. The agency's proposed removal constituted a personnel action. *Bacas v. Department of the Army*, 99 M.S.P.R 464, ¶ 5 (2005).

According to the appellant, he resigned on October 28, 2021. IAF, Tab 10 at 5; PFR File, Tab 5 at 48. An appellant can pursue a claim of involuntary resignation as a personnel action in an IRA appeal. *See Mastrullo v. Department of Labor*, 123 M.S.P.R. 110, ¶ 10 (2015). Here, the administrative judge did not notify the appellant of his burden of proof and the elements to make a nonfrivolous allegation that his resignation was involuntary. The administrative judge should determine on remand whether the appellant nonfrivolously alleged that his decision to resign was involuntary, and thus a personnel action that could be raised in an IRA appeal.

We observe, without deciding at this stage in the proceedings, that, as the Executive Program Support Analyst at the time of his resignation, the appellant may be "a supervisor or a management official" within the definition of 5 U.S.C. § 7103(a)(2) and (a)(10)-(11). If so, he is not subject to the election of remedies requirement in 5 U.S.C. § 7121(g). *See Requena v. Department of Homeland*

*Security*, 2022 MSPB 39, ¶¶ 7-8, 10-15. On remand, the administrative judge should advise the parties of this and any other election of remedies issues and give them an opportunity to address them. *Id.*, ¶¶ 15-16; *see, e.g.*, *Corthell v. Department of Homeland Security*, 123 M.S.P.R. 417, ¶¶ 15-17 (2016) (explaining that, to be binding, an election under 5 U.S.C. § 7121(g) must be knowing and informed), *overruled on other grounds by Requena v. Department of Homeland Security*, 2022 MSPB 39.

<u>The appellant made a nonfrivolous allegation that his participation in his coworker's EEO complaint contributed to his management-directed reassignment.</u>

In addition to the requirements addressed above, to establish IRA jurisdiction, the appellant must nonfrivolously allege that a protected disclosure or activity was a contributing factor in the agency's decision to take or fail to take a personnel action. *Chambers*, 2022 MSPB 8, ¶ 14. To satisfy the contributing factor criterion at the jurisdictional stage, an appellant need only raise a nonfrivolous allegation that the fact of, or content of, the protected disclosure or activity was one factor that tended to affect the personnel action in any way. *Id.* One way to establish this criterion is the knowledge/timing test, under which an employee may nonfrivolously allege that the disclosure or activity was a contributing factor in a personnel action through circumstantial evidence, such as evidence that the official taking the personnel action knew of the disclosure or activity, and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure or activity was a contributing factor in the personnel action. *Id.*, ¶ 15; *see* 5 U.S.C. § 1221(e)(1). In deciding whether an appellant has nonfrivolously alleged that he made protected disclosures or engaged in protected activities that contributed to a personnel action, the Board is not permitted to "credit[] the agency's interpretation of the evidence." *Hessami*, 979 F.3d at 1369.

As discussed above, the appellant alleges that he assisted his coworker with her EEO complaint from June 2016, through January 2017. IAF Tab 12 at 7, 60,

80, 146. He states his belief that one of the agency officials named in that complaint was the Deputy Assistant. *Id.* at 7. The appellant further alleges that, due to his participation in his coworker's complaint, the Deputy Assistant retaliated against him by, in relevant part, reassigning him. *Id.* at 19, 52-53, 60, 87.

The Deputy Assistant acknowledged that he learned of the appellant's protected activity on July 26, 2018. *Id.* at 113. The appellant has alleged that he believes his reassignment became permanent effective July 27, 2018, which would be a day after the Deputy Assistant stated he became aware of the appellant's protected activity.[5] *Id.* at 84-85.

These events are close enough in time to support a conclusion that the appellant's assistance with his coworker's EEO complaint was a contributing factor in his management-directed reassignment. *See Scoggins v. Department of the Army*, 123 M.S.P.R. 592, ¶ 25 (2016) (observing that a personnel action that takes place within 2 years of a disclosure satisfies the knowledge component of the knowledge/timing test). Accordingly, we find that the appellant is entitled to his requested hearing regarding his claim that the agency permanently reassigned him in retaliation for his protected activity of participating as a witness in his coworker's EEO complaint. IAF, Tab 1 at 2. We do not address here whether the appellant also nonfrivolously alleged that his assistance with his coworker's EEO complaint contributed to his detail beginning November 2016, his September 2021 proposed removal, or his October 2021 resignation. On remand, the administrative judge should make findings on these issues and, if appropriate, adjudicate these additional personnel actions on the merits.

---

[5] We do not resolve at the jurisdictional stage whether the appellant's reassignment was completed prior to July 26, 2018, and merely awaiting implementation. If it was, then the appellant may not be able to prove the contributing factor criterion on the merits. *See Sherman*, 122 M.S.P.R. 644, ¶¶ 8-11.

**ORDER**

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

*Gina K. Grippando*

FOR THE BOARD:                     _____
                                   Gina K. Grippando
                                   Clerk of the Board
Washington, D.C.